

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2006

# Castillo v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3431

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Castillo v. USA" (2006). *2006 Decisions*. Paper 1765.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1765

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-77                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3431
_____

JOSE ANGEL CASTILLO,

Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00286)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted On Motion For Summary Affirmance
Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 16, 2005

Before:   SLOVITER, MCKEE AND FISHER,  Circuit Judges.

(Filed: January 10, 2006)

_____

OPINION
_____

PER CURIAM

Jose Angel Castillo appeals the order of the United States District Court for the

Western District of Pennsylvania granting the United States's motion to dismiss or, in the alternative, motion for summary judgment, with respect to his lawsuit. We will affirm.

Castillo, an inmate incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"), filed a complaint against the United States with respect to prison staff. Castillo alleged that prison staff members acted negligently when they compelled him and several other Mexican inmates to meet with recently-transferred inmates who were members of a rival gang, the Aztecas. Specifically, on January 20, 2004, FCI-McKean staff assembled the affected inmates in the gymnasium for a meeting with the Aztecas. Despite Castillo's and others' voiced concerns, the Aztecas were escorted into the gymnasium. During the meeting, a fist fight occurred, during which Castillo states that the Aztecas assaulted him and the others. A prison SWAT team arrived and separated the two groups, forcing the inmates to the ground. Castillo was handcuffed, shackled, and lifted to his feet by his arms, at which time he heard his back and shoulder "pop." He was placed in the segregated housing unit ("SHU"). A medical staff member visited Castillo, Castillo stated that he was okay, and he was released into the general population. However, on January 22, 2004, Castillo sought medical assistance for back and shoulder pain arising from the January 20, 2004 incident. After examining him, a medical staff member advised Castillo to do exercises and prescribed 800 milligrams of ibuprofen. Castillo states that he was denied proper medical treatment for his injury between February 9-17, 2004, and was placed in the SHU

2

on those same dates for retaliatory reasons.

After unsuccessfully pursuing an administrative claim under the Federal Tort Claims Act ("FTCA"), Castillo filed his FTCA complaint and sought $2 million compensatory damages for his personal injury negligently caused by prison staff by forcing him to meet with the Aztecas on January 20, 2004. The United States filed a motion to dismiss, or in the alternative, for summary judgment. Castillo filed a response. The Magistrate Judge issued a report and recommendation that the motion be granted. Castillo filed objections, and the United States filed a response. The District Court adopted the report and recommendation and granted the motion.

Castillo appeals and has filed a motion for the appointment of counsel. The United States has filed a motion for summary affirmance of the District Court's order. We have jurisdiction under 28 U.S.C. § 1291.

Under the FTCA, the United States waives sovereign immunity for personal injury caused by the negligence or the wrongful act or omission of a government employee while acting within the scope of his employment, as is alleged in Castillo's case. However, the FTCA is subject to exceptions, such as the discretionary function exception. In relevant part, the discretionary function exception provides that no liability shall lie for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). As discussed by the District Court, whether the discretionary

3

function exception bars suit against the United States depends on the application of a two-part test. First, the court must determine whether the challenged conduct "involved an element of judgment or choice." United States v. Gaubert, 499 U.S. 315, 322 (1991). Second, if the conduct involved judgment, the court must determine "whether that judgment is of the kind that the discretionary function exception was designed to shield," focusing on whether the conduct was based on public policy considerations. Id. at 322-23. Stated another way, the discretionary function exception bars government liability if the challenged action "involves the permissible exercise of policy judgment." Berkovitz v. United States, 486 U.S. 531, 537 (1988).

The District Court concluded that it lacked subject matter jurisdiction over Castillo's claims under the FTCA because the prison officials' actions fell within the discretionary function exception to the FTCA's waiver of sovereign immunity. We agree. In support of its motion, the United States submitted the declaration of Donald Reich, Captain at FCI-McKean, who states that there are no official policies addressing how rival gang members should be integrated in the general prison population. In evaluating the situation, Capt. Reich determined that bringing the rival inmates together in a controlled setting was safer than releasing the Aztecas onto the open prison compound, as the staff would be able to prevent the presence of weapons and minimize the risk of a fight. In the event of an altercation, the staff would be able to prevent it from escalating and involving other inmates. Accordingly, Capt. Reich developed and wrote a plan for

4

the meeting between the rival groups, which was attended by staff members with additional staff and medical personnel on standby. The integration plan, a product of Capt. Reich's judgment and his analysis of policy considerations (including the safety of inmates and orderly operation of the prison), is clearly the type of conduct that the discretionary function exception was intended to shield.

Castillo argued in District Court that the decision to release the Aztecas into the general prison population is outside of the discretionary function exception. In support, Castillo submitted his own affidavit in which he states that the prison's Regional Office directed FCI-McKean officials to release the Aztecas into the general population. Castillo's argument appears to be that such a directive precludes a finding that any discretion was involved in this matter. However, as noted earlier, Capt. Reich formulated the inmate integration plan (including the controlled meeting of the inmates) and exercised policy judgment in doing so; there was no existing policy on how to accomplish the Regional Office's directive.[1]

We also agree with the District Court's conclusion that, to the extent that Castillo's

---

[1] In addition, Castillo relied on the language of section 2680(a) that bars "any claim based upon an act or omission of an employee of the Government exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid," contending that FCI-McKean officials failed to use "due care" in following the Regional Office's instruction to integrate the Aztecas into the general prison population. In light of our conclusion that Castillo's claim is barred because it is "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government," 28 U.S.C. § 2680(a), we do not reach this "due care" argument.

5

complaint contains claims of constitutional violations regarding retaliation and denial of medical treatment, those claims are subject to the requirement of exhausting administrative remedies under 42 U.S.C. § 1997e(a). Castillo presented no documentary evidence refuting the declaration of Regional Office counsel that Castillo filed no request for administrative remedy regarding those claims. As such, those claims were not properly before the District Court.

Because no substantial question is presented in this appeal, see 3d Cir. LAR 27.4 and I.O.P. 10.6, we will grant the appellee's motion and will summarily affirm the District Court's order. Castillo's motion for the appointment of counsel is denied.